114-PCI-564 (KWH/kln/ad)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PROGRESSIVE NORTHERN )
INSURANCE COMPANY, a Wisconsin )
Corporation, )
         )
            Plaintiff, )
         vs. )     No. 19-cv-2417
         )
JACKIE HEARD, LOUVWANDA )
HEARD, KIMBERLY SHIPP, and )
WYNTER COLE, )
         )
            Defendants. )

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, PROGRESSIVE NORTHERN INSURANCE COMPANY ("PROGRESSIVE"), by and through its counsel, Sudekum, Cassidy & Shulruff, Chtd., and for its Complaint for Declaratory Judgment against Defendants JACKIE HEARD, LOUVWANDA HEARD, KIMBERLY SHIPP, and WYNTER COLE, allege as follows:

**INTRODUCTION**

1.      This is an action for declaratory judgment brought pursuant to 28 U.S.C. § 2201 to resolve an actual controversy between the parties, concerning the rights and obligations under a contract of insurance issued by Plaintiff PROGRESSIVE to Defendant JACKIE HEARD and arising out of a claimed hit-and-run automobile accident ("the claimed hit-and-run accident") on September 23, 2017 in Chicago, Illinois allegedly involving JACKIE HEARD's 1996 Chrysler Town and Country EXT Sport Van ("Van") and a blue Chevy TrailBlazer. Each of the Defendants submitted claims to Progressive asserting they were in the Van and incurred bodily injuries arising out of the claimed hit-and-run accident. JACKIE HEARD also seeks property

damages to the Van. PROGRESSIVE seeks declarations that PROGRESSIVE owes no coverage obligations to any of the Defendants in relation to the claimed hit-and-run accident.

2.     PROGRESSIVE is entitled to declaratory relief and declarations that PROGRESSIVE owes no coverage obligations arising out of the claimed hit-and-run accident because:

    a.     no coverage is owed when there has been concealment or misrepresentation of material fact during the presentation of the claim;

    b.     no uninsured motorist coverage is owed when those seeking coverage have not established that they qualify as an "insured person" who sustained "bodily injury" caused by an accident arising out of the use of "an uninsured motor vehicle";

    c.     no medical payments are owed when those seeking coverage have not established that they qualify as an "insured person" who sustained "bodily injury" caused by a "motor vehicle" accident and incurred reasonable and necessary "medical services";

    d.     no property damage coverage is owed for any damages to JACKIE HEARD'S Van as she has not established any damages to the Van were caused by "sudden, direct and accidental loss"; and

    e.     no coverage is owed for any damages arising out of the claimed hit-and-run accident because JACKIE HEARD failed to comply with her duties to cooperate by failing to provide her cell phone records to PROGRESSIVE and substantially prejudicing PROGRESSIVE's ability to investigate the claimed hit-and-run accident.

## PARTIES

3.     PROGRESSIVE is a member of the Progressive Group of Insurance Companies and is organized under the laws of the State of Wisconsin with its primary place of business in Ohio, and is licensed to sell and market insurance products in the State of Illinois.

4.     Currently, and for all times relevant, JACKIE HEARD resided at 18812 S. Harding Avenue, Flossmoor, Illinois.

5. Currently, and for all times relevant, LOUVWANDA HEARD resided at 18812 S. Harding Avenue, Flossmoor, Illinois.

6. Currently, and for all times relevant, KIMBERLY SHIPP ("SHIPP") resided at 1628 W. 100th Street, Chicago, Illinois.

7. Currently, and for all times relevant, WYNTER COLE ("COLE") resided at 3802 188th Street, Flossmoor, Illinois.

## JURISDICTION

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because PROGRESSIVE has a good faith belief that the matter in controversy exceeds $75,000, exclusive of interest and costs, the action is between citizens of different states, and the parties reside or do business in Illinois.

9. This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1367 because PROGRESSIVE has a good faith belief that at least one claim exceeds $75,000, exclusive of interest and costs, and the other claims may be joined as all claims are part of the same case or controversy arising out of the same claimed alleged hit-and-run accident and the same insurance policy.

10. JACKIE HEARD claims she injured her knee, neck and back in the claimed hit-and-run accident. JACKIE HEARD asserts that through April 24, 2018, she incurred at least $37,900 in medical bills arising out of the injuries she sustained in the claimed hit-and-run accident. In March 2018, she asserted she was still receiving treatment for her back injuries from the claimed hit-and-run accident

11. LOUVWANDA HEARD claims she injured her leg and back in the claimed hit-and-run accident. LOUVWANDA HEARD asserts that through April 24, 2018, she incurred at

least $40,000 in medical bills arising out of the injuries she sustained in the claimed hit-and-run accident.

12.     COLE claims she injured her shoulder and back in the claimed hit-and-run accident.  COLE asserts that through November 8, 2017, she incurred at least $7,500 in medical bills arising out of the claimed hit-and-run accident.

13.     SHIPP claims she injured her back in the claimed hit-and-run accident.  SHIPP asserts that through April 2, 2018, she incurred at least $13,000 in medical bills arising out of the claimed hit-and-run accident.

14.     On February 15, 2018, Mr. Jason Sherwood, counsel for the Defendants, asserted that his "clients are still treating" for the injuries they claim arise out of the claimed hit-and-run accident.

15.     The Defendants assert that through April 2, 2018, they incurred a total of at least $99,000 in medical bills for the bodily injuries they sustained from the claimed hit-and-run accident.

16.     On September 14, 2018, an email was sent on behalf of PROGRESSIVE to Defendants' counsel, Mr. Jason Sherwood, in response to Mr. Sherwood's September 7, 2018 email asking if "your office officially declined to go to arbitration."   Mr. Sherwood was requested to advise whether any of the Defendants had requested to proceed to arbitration and if any of the Defendants were seeking from PROGRESSIVE bodily injury damages in excess of $75,000.  (A copy of the September 7 and 14, 2018 emails are attached hereto and incorporated herein by reference as **Exhibit A**.)  Defense counsel provided no response to the September 14, 2018 communication.

17.     On January 28, 2019, a letter was sent to Mr. Jason Sherwood and Mr. Brett Kaplan, as counsel for Defendants, asking counsel to identify the Defendants who are seeking bodily injury damages arising out of the claimed hit-and-run accident in excess of $75,000.   In said letter, it was stated that if counsel failed to respond by February 18, 2019, it would be interpreted by PROGRESSIVE that the damages claimed by JACKIE HEARD, one of the named insureds, exceed $75,000.   On or before February 18, 2019, counsel for Defendants failed to respond to the request or provide any information as to whether the damages being sought exceed or do not exceed $75,000 by at least one of the Defendants.  (A copy of the January 28, 2019 correspondence, without attachments, is attached hereto and incorporated herein by reference as **Exhibit B**.)

## VENUE

18.     Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this coverage dispute occurred within this District.

## GENERAL ALLEGATIONS

### The Insurance Policy

19.     PROGRESSIVE issued an auto policy to Lashawn Heard and JACKIE HEARD with policy number 16078396, effective September 10, 2017 to March 10, 2018 ("the Policy"). One of the vehicles listed under the Policy is a 1996 Chrysler Town and Country EXT Sport Van with VIN Number 1C4GP64L6TB216249 ("the Van").   Pursuant to the Policy's terms and conditions, the Policy includes coverages for Medical Payments, Collision and Comprehensive Property Damage, and Uninsured Motorist Bodily Injury Damages.   A certified copy of the Policy is attached hereto and incorporated herein by reference as **Exhibit C**.

20. The Policy provides in pertinent part the following Insuring Agreement and General Definitions:

**ILLINOIS AUTO POLICY**

**INSURING AGREEMENT**

In return for **your** payment of the premium, **we** agree to insure **you** subject to all the terms, conditions and limitations of this policy. **We** will insure **you** for the coverages and the limits of liability shown on this policy's **declarations page**. **Your** policy consists of the policy contract, **your** insurance application, the **declarations page**, and all endorsements to this policy.

**GENERAL DEFINITIONS**

The following definitions apply throughout the policy. Defined terms are printed in boldface type and have the same meaning whether in the singular, plural, or any other form.

* * *

6. "**Covered auto**" means:

    a. any **auto** or **trailer** shown on the **declarations page** for the coverages applicable to that **auto** or **trailer**;

    b. any **additional auto**;

    c. any **replacement auto**; or

    d. a **trailer** owned by **you**.

* * *

8. "**Occupying**" means in, on, entering or exiting.

* * *

17. "**You**" and "**your**" mean:

    a. a person shown as a named insured on the **declarations page**; and

    b. the spouse of a named insured if residing in the same household at the time of the loss.

(See Policy, **Exhibit C** at pp. 007-009.)

21.    The Policy provides in pertinent part as follows regarding Medical Payments

Coverage:

### PART II – MEDICAL PAYMENTS COVERAGE

**INSURING AGREEMENT**

If **you** pay the premium for this coverage, **we** will pay the reasonable expenses incurred for necessary **medical services** received within three years from the date of a **motor vehicle** accident because of **bodily injury**:

1.    sustained by an **insured person**; and

2.    caused by that **motor vehicle** accident.

**We**, or someone on **our** behalf, will determine:

1.    whether the expenses for **medical services** are reasonable; and

2.    whether the **medical services** are necessary.

**ADDITIONAL DEFINITIONS**

When used in this Part II:

1.    **"Insured person"** means:

    a.    **you**, a **relative**, or a **rated resident**:

        (i)    while **occupying** an **auto**; or

        (ii)    when struck by a **motor vehicle** or a trailer while not **occupying** a self-propelled motorized vehicle; and

    b.    any other person while **occupying a covered auto** with the permission of **you**, a **relative**, or a **rated resident**.

2.    **"Medical services"** means medical, surgical, dental, x-ray, ambulance, hospital, professional nursing, and funeral services, and includes the cost of eyeglasses, hearing aids, pharmaceuticals, orthopedics, and prosthetic devices.

3.    **"Motor vehicle"** means a land motor vehicle designed for use principally on public roads.

(See Policy, **Exhibit C** at p. 013.)

22.     The   Policy   contains   the   following   pertinent   provisions   in   its Uninsured/Underinsured Motorist Coverage:

### PART III – UNINSURED/UNDERINSURED MOTORIST COVERAGE

**INSURING      AGREEMENT   –   UNINSURED/UNDERINSURED MOTORIST BODILY INJURY COVERAGE**

If **you** pay the premium for this coverage, **we** will pay for damages that an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or an **underinsured motor vehicle** because of **bodily injury**:

1.      sustained by an **insured person**;

2.      caused by an accident; and

3.      arising out of the ownership, maintenance or use of an **uninsured motor vehicle** or an **underinsured motor vehicle**.

**We** will pay under this coverage only after the limits of liability under all applicable bodily injury liability bonds and policies have been exhausted by payment of judgments or settlements. However, this shall not apply if **we** and the **insured person** agree, without arbitration, that the **insured person** has suffered **bodily injury** or death, and also agree on the amount of damages within the Limit of Liability that the **insured person** is legally entitled to collect under this coverage.

* * *

(See Policy, **Exhibit C** at p. 016.)

23.     The Policy contains the following pertinent Additional Definitions for the Uninsured/Underinsured Motorist Coverage:

**ADDITIONAL DEFINITIONS**

When used in this Part III:

1.      For Uninsured Motorist Bodily Injury Coverage and Uninsured Motorist Property Coverage, **"insured person"** means:

    a.      **You, a relative, or a rated resident**;

    b.      any person **occupying** a **covered auto** with the permission of **you, a relative, or a rated resident**;

    c.      any person **occupying**, bit not operating, a **covered auto**; and

    d.      any person who is entitled to recover damages covered by this Part III because of **bodily injury** sustained by a person described in a., b. or c. above.

8

* * *

3.    **"Property damage"** means only physical damage to or destruction of a **covered auto**. **"Property damage"** does not include loss of use of a **covered auto** resulting from its physical damage or destruction.

* * *

5.    **"Uninsured motor vehicle"** means a land motor vehicle of any type:

    a.    to which no bodily injury liability bond or policy applies at the time of the accident;

    b.    to which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:

        (i)    denies coverage; or

        (ii)    is or becomes insolvent;

    c.    to which a bodily injury liability bond or policy applies at the time of the accident, but its limit of liability for bodily injury is less than the minimum limit of liability for bodily injury specified by the financial responsibility law of the state in which the **covered auto** is principally garaged; or

    d.    that is a hit-and-run vehicle whose owner or operator cannot be identified and which strikes or causes an object to strike:

        (i)    **you**, a **relative**, or a **rated resident**;

        (ii)    a vehicle that **you**, a **relative**, or a **rated resident** are **occupying**; or

        (iii)    a **covered auto**;

        provided that the **insured person**, or someone on his or her behalf, reports the accident to the police or civil authority within 24 hours or as soon as practicable after the accident.

(See Policy, **Exhibit C** at p. 017 - 018.)

24.    The Uninsured/Underinsured Motorist bodily injury limits in the Policy for each person is $100,000 and the aggregate limit for each accident is $300,000. (See Policy, **Exhibit C** at p. 001.)

25.    The Policy includes Insuring Agreements for Collision and Comprehensive coverage for Damage to a Vehicle as follows:

**INSURING AGREEMENT – COLLISION COVERAGE**

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to a:

1.    **covered auto,** including an attached **trailer; or**

2.    **non-owned auto;**

and its **custom parts or equipment,** resulting from **collision** with another object or from overturning.

* * *

**INSURING AGREEMENT – COMPREHENSIVE COVERAGE**

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to a:
1.    **covered auto,** including an attached **trailer; or**
2.    **non-owned auto;**
and its **custom parts or equipment,** that is not caused by **collision.**

* * *

(See Policy, **Exhibit C** at p. 022.)

26.    Under the Policy, the Van has a $500.00 deductible pursuant to the terms and conditions of the Collision and Comprehensive Coverages.   (See Policy, **Exhibit C** at p. 002.)

27.    The Policy includes a General Provision allowing for the denial of coverage for Misrepresentation as follows:

**PART VII – GENERAL PROVISIONS**

* * *

**FRAUD OR MISREPRESENTATION**

* * *

**We** may deny coverage for an accident or loss if **you** or a person seeking coverage has concealed or misrepresented any material fact or circumstances, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

(See Policy, **Exhibit C** at p. 034.)

28.    The Policy includes the following obligations to cooperate:

**PART VI – DUTIES IN CASE OF AN ACCIDENT OR LOSS**

* * *

A person seeking coverage must:

1.    cooperate with **us** in any matter concerning a claim or lawsuit;

* * *

9.    authorize **us** to obtain medical and other records.

(See Policy, **Exhibit C** at p. 031.)

**Investigation Regarding The Claimed Hit-And-Run Accident**

29.    Late in the evening of September 23, 2017, PROGRESSIVE was initially notified of the claim arising out of the claimed hit-and-run accident. This notification was provided via telephone by JACKIE HEARD when she was allegedly in the emergency room of St. Bernard's Hospital with the other people, LOUVWANDA HEARD, COLE and SHIPP, who were allegedly in the Van at the time of the claimed hit-and-run accident. During this initial call on September 23, 2017, JACKIE HEARD told PROGRESSIVE that the claimed hit-and-run accident occurred on September 23, 2017 in Chicago, Illinois on 83rd Street when her Van was hit from behind by a navy blue Chevy TrailBlazer as she was getting ready to turn from 83rd Street onto Vincennes Avenue with the intent to visit the Walmart on 83rd Street and Vincennes Avenue, Chicago.

30.    After receiving the report of the alleged hit-and-run accident, PROGRESSIVE proceeded with the investigation of the claim which included, but was not limited to, the following: (a) speaking with the Defendants; (b) taking recorded statements and examinations under oath of the Defendants; (c) reviewing police records; (d) reviewing photographs; (e) reviewing telephone records; (f) reviewing medical records; and (g) retaining a consultant to evaluate the cause of the alleged damages to the Van.

31.    PROGRESSIVE denied each and all of the Defendants' claims under the uninsured motorists, medical payments, and the collision and comprehensive coverages. A basis

for the denial was that JACKIE HEARD, LOUVWANDA HEARD, KIMBERLY SHIPP and/or WYNTER COLE concealed or misrepresented material facts or circumstances in connection with the presentation of the alleged hit-and-run accident claim. A copy of the denial letter is attached hereto and incorporated herein by reference as **Exhibit D**.

## COUNT I

### No Coverage Owed Due to Concealment or Misrepresentation of Material Fact During Presentation of the Claim

1.-31. PROGRESSIVE hereby incorporates the allegations of Paragraphs 1 to 31, above, as Paragraphs 1-31, inclusive, of Count I, as if fully set forth herein.

32. The Policy includes, in pertinent part, the following General Provision:

> **FRAUD OR MISREPRESENTATION**
>
> * * *
>
> **We** may deny coverage for an accident or loss if **you** or a person seeking coverage has concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

(See Policy, **Exhibit C** at p. 034.)

33. No coverage is afforded under the Policy for the following reasons:

a. The Defendants breached the Policy because during the presentation of their claim the Defendants concealed or misrepresented a material fact concerning the circumstances as to why they were going to Walmart at the time of the alleged hit-and-run accident claim.

b. The Defendants breached the Policy because during the presentation of their claim the Defendants concealed or misrepresented a material fact concerning the circumstances leading to the alleged hit-and-run accident.

c. The Defendants breached the Policy because during the presentation of their claim the Defendants concealed or misrepresented a material fact concerning where the Defendants were sitting in the Van at the time of the alleged hit-and-run accident.

d. The Defendants breached the Policy because during the presentation of their claim the Defendants concealed or misrepresented a material fact concerning the circumstances at the time of the alleged hit-and-run accident.

e.   The Defendants breached the Policy because during the presentation of their claim the Defendants concealed or misrepresented a material fact or circumstance concerning their interaction with the alleged occupant(s) of the vehicle that allegedly struck the Van.

f.   The Defendants breached the Policy because during the presentation of their claim the Defendants concealed or misrepresented a material fact or circumstance concerning how they were transported to St. Bernard's Hospital after the alleged hit-and-run accident.

g.   The Defendants breached the Policy because during the presentation of their claim the Defendants concealed or misrepresented a material fact or circumstance concerning their activities immediately after the alleged hit-and-run accident.

h.   The Defendants breached the Policy because during the presentation of their claim the Defendants concealed or misrepresented a material fact or circumstance concerning facts as to their activities seeking medical treatment after the alleged hit-and-run accident claim.

34.   Because of the Defendants' breach of the Policy, as set forth above, no coverage is afforded to Defendants under the Policy for the claimed hit-and-run accident.

WHEREFORE, the Plaintiff PROGRESSIVE NORTHERN INSURANCE COMPANY, requests the entry of a declaratory judgment pursuant to 28 U.S.C § 2201, that Defendants JACKIE HEARD, LOUVWANDA HEARD, KIMBERLY SHIPP and WYNTER COLE are not entitled to any coverage under the PROGRESSIVE Policy due to the concealment and/or misrepresentation of a material fact or circumstance in connection with the presentation of the September 23, 2016 alleged hit-and-run accident claim, and for such other and further relief this Court deems just.

## COUNT II

### No Uninsured Motorists Coverage

1-31.   PROGRESSIVE hereby incorporates the allegations of Paragraphs 1 to 31, above, as Paragraphs 1-31, inclusive, of Count II, as if fully set forth herein.

32.     The Policy provides in pertinent part the following as to coverage under the

Uninsured/Underinsured Motorist Coverage:

### PART III – UNINSURED/UNDERINSURED MOTORIST COVERAGE

**INSURING AGREEMENT – UNINSURED/UNDERINSURED MOTORIST BODILY INJURY COVERAGE**

If **you** pay the premium for this coverage, **we** will pay for damages that an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or an **underinsured motor vehicle** because of **bodily injury**:

1.      sustained by an **insured person**;

2.      caused by an accident; and

3.      arising out of the ownership, maintenance or use of an **uninsured motor vehicle** or an **underinsured motor vehicle**.

**We** will pay under this coverage only after the limits of liability under all applicable bodily injury liability bonds and policies have been exhausted by payment of judgments or settlements. However, this shall not apply if **we** and the **insured person** agree, without arbitration, that the **insured person** has suffered **bodily injury** or death, and also agree on the amount of damages within the Limit of Liability that the **insured person** is legally entitled to collect under this coverage.

(See Policy, **Exhibit C** at p. 016)

33.     The Policy also provides the following pertinent Definitions of "*Insured Person*"

and "*Uninsured Motor Vehicle*":

**ADDITIONAL DEFINITIONS**

When used in this Part III:

1.      For Uninsured Motorist Bodily Injury Coverage and Uninsured Motorist Property Coverage, **"insured person"** means:

    a.      **You, a relative, or a rated resident**;

    b.      any person **occupying a covered auto** with the permission of **you, a relative, or a rated resident**;

    c.      any person **occupying**, but not operating, a **covered auto**; and

    d.      any person who is entitled to recover damages covered by this Part III because of **bodily injury** sustained by a person described in a., b. or c. above.

\* \* \*

3.      **"Property damage"** means only physical damage to or destruction of a **covered auto**. **"Property damage"** does not include loss of use of a **covered auto** resulting from its physical damage or destruction.

\* \* \*

5.      **"Uninsured motor vehicle"** means a land motor vehicle of any type:

    a.     to which no bodily injury liability bond or policy applies at the time of the accident;

    b.     to which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:

        (i)     denies coverage; or

        (ii)    is or becomes insolvent;

    c.     to which a bodily injury liability bond or policy applies at the time of the accident, but its limit of liability for bodily injury is less than the minimum limit of liability for bodily injury specified by the financial responsibility law of the state in which the **covered auto** is principally garaged; or

    d.     that is a hit-and-run vehicle whose owner or operator cannot be identified and which strikes or causes an object to strike:

        (i)     **you**, a **relative**, or a **rated resident**;

        (ii)    a vehicle that **you**, a **relative**, or a **rated resident** are **occupying**; or

        (iii)   a **covered auto**;

        provided that the **insured person**, or someone on his or her behalf, reports the accident to the police or civil authority within 24 hours or as soon as practicable after the accident.

An **"uninsured motor vehicle"** does not include any vehicle or equipment:

    a.     owned by **you**, a **relative**, or a **rated resident** or furnished or available for the regular use of **you**, a **relative**, or a **rated resident** other than a **covered vehicle**;

    b.     owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer that is or becomes insolvent;

    c.     owned by any governmental unit or agency;

    d.     operated on rails or crawler treads;

e.      designed mainly for use off public roads, while not on public roads;

f.      while located for use as a residence or premises; or

g.      that is an **underinsured motor vehicle**.

(See Policy, **Exhibit C** at p. 017 - 018)

34.     No coverage is owed to any of the Defendants under Uninsured Motorist Coverage as the Defendants have not proven the following:

a.      That any of the Defendants are legally entitled to recover damages from the owner or operator of an uninsured vehicle;

b.      because of "***bodily injury***";

c.      sustained by an "***insured person***";

d.      caused by an accident; and

e.      arising out of the ownership or use of an "***uninsured motor vehicle***."

35.     None of the Defendants have established that their claimed bodily injuries occurred while they were in JACKIE HEARD's Van during the claimed hit-and-run accident.

36.     None of the Defendants have established that they are entitled to bodily injury damages under the uninsured motorist provisions of the Policy as they have not proven they are legally entitled to recover from the operator of an uninsured motor vehicle damages which were caused by an accident arising out of the use of an uninsured motor vehicle.

37.     None of the Defendants have established that their injuries were caused by the owner or operator of a blue Chevy TrailBlazer during the claimed hit-and-run accident.

WHEREFORE, the Plaintiff PROGRESSIVE NORTHERN INSURANCE COMPANY, requests the entry of a declaratory judgment pursuant to 28 U.S.C. § 2201, that Defendants JACKIE HEARD, LOUVWANDA HEARD, KIMBERLY SHIPP and WYNTER COLE are not entitled to coverage under the Uninsured Motorist Coverage in the PROGRESSIVE Policy for

any expenses submitted to PROGRESSIVE for bodily injuries allegedly arising from the September 23, 2016 claimed hit-and-run accident, and for such other and further relief this Court deems just.

**COUNT III**
**No Medical Payments Coverage**

1-31.    PROGRESSIVE hereby incorporates the allegations of Paragraphs 1 to 31, above, as Paragraphs 1-31, inclusive, of Count III, as if fully set forth herein.

32.    The Policy provides in pertinent part as follows regarding Medical Payments Coverage:

**PART II – MEDICAL PAYMENTS COVERAGE**

**INSURING AGREEMENT**

If **you** pay the premium for this coverage, **we** will pay the reasonable expenses incurred for necessary **medical services** received within three years from the date of a **motor vehicle** accident because of **bodily injury**:

1.    sustained by an **insured person**; and

2.    caused by that **motor vehicle** accident.

**We**, or someone on **our** behalf, will determine:

1.    whether the expenses for **medical services** are reasonable; and

2.    whether the **medical services** are necessary.

**ADDITIONAL DEFINITIONS**

When used in this Part II:

1.    **"Insured person"** means:

   a.    **you**, a **relative**, or a **rated resident**:

   (i)    while **occupying** an **auto**; or

   (ii)    when struck by a **motor vehicle** or a trailer while not **occupying** a self-propelled motorized vehicle; and

   b.    any other person while **occupying** a **covered auto** with the permission of **you**, a **relative**, or a **rated resident**.

17

2.  **"Medical services"** means medical, surgical, dental, x-ray, ambulance, hospital, professional nursing, and funeral services, and includes the cost of eyeglasses, hearing aids, pharmaceuticals, orthopedics, and prosthetic devices.

3.  **"Motor vehicle"** means a land motor vehicle designed for use principally on public roads.

(See Policy, **Exhibit C** at p. 013)

33.  The Policy also provides the following Definition of "Covered Auto":

6.  **"Covered auto"** means:

    a.  any **auto** or **trailer** shown on the **declarations page** for the coverages applicable to that **auto** or **trailer**;

    b.  any **additional auto**;

    c.  any **replacement auto**; or

    d.  a **trailer** owned by **you**.

                        * * *

(See Policy, **Exhibit C** at p. 007)

34.  No coverage is owed to any of the Defendants under the Medical Payments Coverage of the Policy for any medical services as the Defendants have not proven the following:

a.  That any of the expenses submitted to PROGRESSIVE were for reasonable expenses incurred for necessary "***medical services***";

b.  because of "***bodily injury***";

c.  sustained by an "***insured person***"; and

d.  caused by that "***motor vehicle***" accident.

35.  None of the Defendants have established that their claimed bodily injuries occurred while they were in JACKIE HEARD's Van during the claimed hit-and-run accident.

WHEREFORE, the Plaintiff PROGRESSIVE NORTHERN INSURANCE COMPANY, requests the entry of a declaratory judgment pursuant to 28 U.S.C. § 2201, that Defendants

JACKIE HEARD, LOUVWANDA HEARD, KIMBERLY SHIPP and WYNTER COLE are not entitled to coverage under Medical Payment Coverage in the PROGRESSIVE Policy for any expenses submitted to PROGRESSIVE for bodily injuries allegedly arising from the September 23, 2016 claimed hit-and- run accident, and for such other and further relief this Court deems just.

## COUNT IV
## No Property Coverage

1-31. PROGRESSIVE hereby incorporates the allegations of Paragraphs 1 to 31, above, as Paragraphs 1-31, inclusive, of Count IV, as if fully set forth herein.

32. The Policy provides in pertinent part as follows regarding coverage for Damage to a Vehicle:

### INSURING AGREEMENT – COLLISION COVERAGE

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to a:

1. **covered auto,** including an attached **trailer;** or

2. **non-owned auto;**

and its **custom parts or equipment,** resulting from **collision** with another object or from overturning.

\* \* \*

### INSURING AGREEMENT – COMPREHENSIVE COVERAGE

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to a:

1. **covered auto,** including an attached **trailer;** or

2. **non-owned auto;**

and its **custom parts or equipment,** that is not caused by **collision.**

\* \* \*

(See Policy, **Exhibit C** at p. 022)

33. No coverage is owed for any alleged loss to JACKIE HEARD's Van under either the Collision Coverage or Comprehensive Coverage provided under the Policy because it has not been proven by JACKIE HEARD that any damages to the Van were caused by "sudden, direct and accidental loss."

WHEREFORE, the Plaintiff PROGRESSIVE NORTHERN INSURANCE COMPANY, requests the entry of a declaratory judgment pursuant to 28 U.S.C. § 2201, that no coverage is owed under the Collision Coverage and/or Comprehensive Coverage for any property damages to the Chrysler Van submitted to PROGRESSIVE allegedly arising from the September 23, 2016 claimed hit-and-run accident, and for such other and further relief this Court deems just.

### COUNT V
### No Coverage Owed to JACKIE HEARD Due to Her Breach of the Duty to Cooperate

1-31. PROGRESSIVE hereby incorporates the allegations of Paragraphs 1 to 31, above, as Paragraphs 1-31, inclusive, of Count V, as if fully set forth herein.

32. JACKIE HEARD is not entitled to coverage under the Policy due to her failure to comply with her duties as an "insured" to cooperate with PROGRESSIVE.

33. Pursuant to the PROGRESSIVE Policy, JACKIE HEARD has a duty to cooperate with PROGRESSIVE in relation to PROGRESSIVE's investigation of the presentation of the claim arising out of the claimed hit-and-run accident.

34. The PROGRESSIVE Policy includes the following pertinent language as to JACKIE HEARD's duty to cooperate in relation to the investigation of the claim arising out of the claimed hit-and-run accident:

> **PART VI-DUTIES IN CASE OF AN ACCIDENT OR LOSS**
> For coverage to apply under this policy, **you** or the person seeking coverage must promptly report each accident or loss even if **you** or the person seeking coverage is not at fault. **You** or the person seeking coverage must provide **us** with all accident or loss information, including time, place, and how the accident or loss happened. **You** or the person seeking coverage must also obtain and provide **us** the names and addresses of all persons involved in the accident or

loss, the names and addresses of any witnesses , and the license plate numbers of the vehicles involved.

* * *

A person seeking coverage must:

1.    cooperate with **us** in any matter concerning a claim or lawsuit;

* * *

9.    authorize **us** to obtain medical and other records.

(See **Exhibit C** at p. 031.)

35.    In correspondences dated October 17, 2017, December 14, 2017, and February 12, 2018, PROGRESSIVE requested that JACKIE HEARD provide PROGRESSIVE with her cell phone and text records for September 23 and 24, 2017.  An authorization for the cell phone records was provided to JACKIE HEARD in the December 14, 2017 letter.  Attached hereto and incorporated herein by reference as **Exhibits E, F and G**, respectively, are the October 17, 2017, December 14, 2017, and February 12, 2018 correspondence.

36.    In correspondence dated February 15, 2018, PROGRESSIVE reiterated its position that if JACKIE HEARD failed to produce her cell phone records, such failure would be considered a breach of PROGRESSIVE's Policy voiding coverage.   Attached hereto and incorporated herein by reference as **Exhibit H** is the February 15, 2018 correspondence.

37.    During JACKIE HEARD's examination under oath on March 7, 2018, she agreed to seek cell phone records from the cell phone provider and to promptly provide them to PROGRESSIVE.  She also agreed to obtain the appropriate authorization for her cell phone and text records.

38.    On April 6, 2018, correspondence was again sent by PROGRESSIVE requesting that JACKIE HEARD provide PROGRESSIVE with the necessary authorization for PROGRESSIVE to obtain JACKIE HEARD's cell phone/text records for September 23 and 24,

2017 and/or for JACKIE HEARD to obtain the records from the provider directly. The correspondence sent by PROGRESSIVE specifically stated as follows:

> **If we do not receive the requested cell phone/text records and the executed authorizations from JACKIE HEARD and Kim Shipp as well as LOUVWANDA HEARD's notes on or before the close of business on April 20, 2018, Acuity will interpret any failure to produce these materials as refusals to cooperate with PROGRESSIVE. Failure to produce these requested documents constitute a breach of the PROGRESSIVE Policy; voiding coverage for the alleged losses.**

Attached hereto and incorporated herein by reference as **Exhibit I** is the April 6, 2018 correspondence.

39.     On May 3, 2018, counsel for JACKIE HEARD advised that they were working to obtain the authorization of insured Shawn Heard for the cell phone and text records of JACKIE HEARD as JACKIE HEARD's cell phone was on a cellular phone plan held by insured Shawn Heard and they would provide it to PROGRESSIVE as soon as they received it. Counsel for JACKIE HEARD also advised that JACKIE HEARD was working with claimant SHIPP to assist JACKIE HEARD in obtaining the cell phone records online. Attached hereto and incorporated herein by reference as **Exhibit J** is a copy of the May 3, 2018 email.

40.     Despite PROGRESSIVE's repeated attempts to solicit cooperation from JACKIE HEARD, she has willfully failed to provide her cell phone and text records regarding September 23 and 24, 2016 to PROGRESSIVE. JACKIE HEARD's failure to cooperate with PROGRESSIVE has substantially prejudiced PROGRESSIVE's ability to investigate the claim arising out of the claimed hit-and-run accident.

WHEREFORE, the Plaintiff PROGRESSIVE NORTHERN INSURANCE COMPANY, requests the entry of a declaratory judgment pursuant to 28 U.S.C. § 2201, that Defendant JACKIE HEARD is not entitled to coverage under the PROGRESSIVE Policy for the claims

arising from the September 23, 2016 claimed hit-and-run accident, and for such other and further

relief this Court deems just.

Respectfully submitted,

SUDEKUM, CASSIDY & SHULRUFF, CHTD.

By: /s/: Frederick J. Sudekum, III
Attorneys for Plaintiff

Frederick J. Sudekum, III (ARDC: 6182381)
Karen W. Howard (ARDC: 6193873)
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street, Suite 2450
Chicago, Illinois 60602
(312) 803-6250

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2019, I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system.

SUDEKUM, CASSIDY & SHULRUFF, CHTD.

By: /s/: Frederick J. Sudekum, III
Attorneys for Plaintiff

Frederick J. Sudekum, III (ARDC: 6182381)
Karen W. Howard (ARDC: 6193873)
SUDEKUM, CASSIDY & SHULRUFF, CHTD.
20 North Clark Street, Suite 2450
Chicago, Illinois 60602
(312) 803-6250